Filed in the United States District Court – Southern District of Texas, Galveston Division

AUSTIN TYLER LEWIS,

Plaintiff,

United States Courts
Southern District of Texas
FILED

*October 16, 2025*

Nathan Ochsner, Clerk of Court

v.

OFFICER DENNIS GARDNER, in his individual capacity;

and CITY OF GALVESTON, a Texas municipality,

Defendants.

Civil Action No. **3:25-cv-338**

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Austin Tyler Lewis, appearing pro se, files this civil rights complaint under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution, and for cause of action would respectfully show as follows:

### I. JURISDICTION & VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, the First Amendment, and the Fourth Amendment.
2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper because the events occurred in Galveston County, Texas.

### II. PARTIES

4. Plaintiff is a resident of Fort Bend County, Texas.
5. Defendant Officer Dennis Gardner is a police officer with the Galveston Police Department and is sued in his individual capacity.
6. Defendant City of Galveston is a Texas municipality that may be served through its Interim City Attorney, Donna Fairweather, at 823 Rosenberg Street, Room 203, Galveston, TX 77550.

### III. FACTUAL ALLEGATIONS

7. On or about May 7, 2023, Plaintiff was lawfully present in a public area within the City of Galveston, Texas, recording and engaging in expressive speech activities.

8. Plaintiff was exercising his First Amendment right to observe, record, and verbally express criticism toward public officials as part of his journalistic and public transparency activities.

9. Officer Gardner approached Plaintiff and, upset by Plaintiff's words and expressive conduct, placed him under arrest pursuant to Galveston City Ordinance § 24-7 ("Interference with Police"). Officer Gardner stated Plaintiff was speaking too loudly.

10. Plaintiff did not physically obstruct or hinder any officer. The alleged "interference" consisted only of speech and lawful recording.

11. The Galveston Police Department's Policy Manual § 424 – "Public Recording of Law Enforcement Activity" – recognizes the right of persons to lawfully record officers performing official duties and instructs officers not to resort to discretionary arrests for interference or disorderly conduct to prevent such recording. See Exhibit A.

12. Despite this clear policy, Officer Gardner violated it by detaining and arresting Plaintiff for recording and speaking in a public place, under color of a vague and unconstitutional ordinance.

13. The enforcement of § 24-7 against Plaintiff criminalized protected verbal expression and lawful recording, violating established case law including City of Houston v. Hill, 482 U.S. 451 (1987).

14. The ordinance is overbroad and vague, granting officers unfettered discretion to arrest based on speech alone.

15. Plaintiff was subsequently issued a summons for a jury trial, receiving notification on September 25, 2025, confirming that the municipal case remained active until that date.

16. Plaintiff suffered loss of liberty, emotional distress, humiliation, reputational harm, and financial costs defending against baseless charges.

## IV. CAUSES OF ACTION

18. First Amendment Retaliation and Free Speech Violation (42 U.S.C. § 1983)
19. Fourth Amendment – False Arrest
20. Fourteenth Amendment – Due Process / Vagueness
21. Monell Liability (City of Galveston)

## V. RELIEF REQUESTED

(a) Compensatory damages for loss of liberty, emotional distress, humiliation, reputational harm, and financial injury in an amount to be determined at trial, but believed to exceed $500,000.

(b) Punitive damages against Defendant Officer Dennis Gardner in his individual capacity.

(c) Declaratory judgment that City Ordinance § 24-7 is unconstitutional.

(d) Injunctive relief enjoining further enforcement of the ordinance.

(e) Plaintiff's costs and such additional relief as the Court deems just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right under Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Austin Tyler Lewis

Austin Tyler Lewis (Pro Se)
4707 Ambrosia Springs Ln
Katy, Texas 77494
(346) 527-6215
GoodCitizenNews01@gmail.com

EXHIBIT A

City of Galveston Police Department Policy 424 (Excerpt): Public Recording of Law
Enforcement Activity

6:41AM  Tue Oct 14

galvestontx.gov

ıl 🤖 78% 



### City of Galveston Police Department
TX LE Policy Manual (linked w/ Global)

# Public Recording of Law Enforcement Activity

## 424.1  PURPOSE AND SCOPE
[Best Practice]
This policy provides guidelines for handling situations in which members of the public photograph or audio/video record law enforcement actions and other public activities that involve members of this department. In addition, this policy provides guidelines for situations where the recordings may be evidence.

## 424.2  POLICY
[Best Practice]
The City of Galveston Police Department recognizes the right of persons to lawfully record members of this department who are performing their official duties. Members of this department will not prohibit or intentionally interfere with such lawful recordings. Any recordings that are deemed to be evidence of a crime or relevant to an investigation will only be collected or seized lawfully.

Officers should exercise restraint and should not resort to highly discretionary arrests for offenses such as interference, failure to comply or disorderly conduct as a means of preventing someone from exercising the right to record members performing their official duties.

## 424.3  RECORDING LAW ENFORCEMENT ACTIVITY
[Federal]
Members of the public who wish to record law enforcement activities are limited only in certain aspects.

    (a)    Recordings may be made from any public place or any private property where the individual has the legal right to be present.

    (b)    Beyond the act of photographing or recording, individuals may not interfere with the law enforcement activity. Examples of interference include, but are not limited to:

        1.    Tampering with a witness or suspect.

        2.    Inciting others to violate the law.

        3.    Being so close to the activity as to present a clear safety hazard to the officers.

        4.    Being so close to the activity as to interfere with an officer's effective communication with a suspect or witness.

    (c)    The individual may not present an undue safety risk to the officer, him/herself or others.