United States District Court
Southern District of Texas
**ENTERED**
November 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| AUSTIN TYLER LEWIS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00338 |
| | § | |
| OFFICER DENNIS GARDNER, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION

The events giving rise to this lawsuit took place on May 7, 2023. Plaintiff Austin Lewis alleges that on that day he was "lawfully present in a public area within the City of Galveston, Texas, recording and engaging in expressive speech activities" when Galveston Police Officer Dennis Gardner "approached [Lewis] and, upset by [his] words and expressive conduct, placed him under arrest pursuant to [a] Galveston City Ordinance." Dkt. 1 at 2. Based on this single interaction, Lewis sued Gardner and the City of Galveston under 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments.

Defendants have filed a motion to dismiss, advancing numerous reasons why dismissal is appropriate. *See* Dkt. 28. I need only address Defendants' argument that the statute of limitations bars Lewis's claims.

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). "[T]he statute of limitations begins to run from the moment [Lewis] becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987).

The statute of limitations for Lewis's constitutional claims undoubtedly began to run on May 7, 2023, the date he was arrested. The two-year limitations period expired on May 7, 2025. On October 14, 2025, Lewis filed an application to proceed in forma pauperis, to which his complaint was attached. *See* Application to Proceed In Forma Pauperis, *Lewis v. Gardner*, No. 3:25-mc-00028 (S.D. Tex. Oct. 14, 2025), Dkt. No. 1. "For statute of limitations purposes, a complaint in an action in which leave to proceed *in forma pauperis* is requested is generally deemed to have been filed on the day the motion [to proceed in forma pauperis] is received by the clerk." *Walter v. Ports Am.*, No. 4:09-cv-3663, 2011 WL 5415176, at *4 (S.D. Tex. Nov. 8, 2011) (collecting cases). Lewis's complaint was attached to his application to proceed in forma pauperis. Thus, the clerk received the complaint on October 14, 2025, more than five months after the statute of limitations expired. Lewis's claims are barred by the statute of limitations. I thus recommend that Defendants' motion to dismiss (Dkt. 28) be granted.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 20th day of November 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE